The opinion of the court was delivered by
Nicholls, C. J.
The following statement of facts appears in the reasons assigned by the district judge for his judgment in the case:
“J. D. Stille died in the year 1893, and his son, J. D. Stille, was appointed administrator. He left a large amount of wild land, a stock of goods, and debts to the amount of about eleven thousand dollars, including his mercantile debts, clerk hire, due to his sons by a former marriage, and four thousand dollars due by the last community to the separate estate of the deceased.
On the 9th of April, 1893, the administrator filed a partial list of debts and obtained from the clerk of the court an order to sell the stock of goods to pay debts.
On the 5th of February, 1894, the administrator filed a provisional account and tableau of distribution, which was, after due advertisement, homologated.
Like accounts and tableaux were filed, advertised and homologated, without opposition in the years 1895, 1896 and 1897. In none of these four accounts and judgments was there any interest mentioned on the debts allowed. • The only mention of interest, anywhere, was on the list of debts filed on the 8th of April with the clerk, in order to get the order to sell the stock of goods, and this mention was only with reference to the debts due the administrator and his brothers, and con *1540 sisted of the words “besides interest” written opposite each of their claims.
On the 8th of May, 1899, the administrator filed his fifth provisional account, now before us, upon which he proposes to pay the balance due the commercial creditors and the Stille boys for clerk hire, including interest on their claims.
The surviving widow, now Mrs. Johnson, partner in community, opposes the account on six grounds:
The six special grounds of opposition assigned by the widow’s opposition are as follows:
First — That the Kansas City, Shreveport and Gulf Railway Company constructed its road through the Parish of Sabine in the year 1896; that said company, without right of way granted, or expropriation proceedings taken, caused its road to be built over and across the lands of said succession and community; that the said company was liable to said succession for the value of the lands so used and the damage caused by the building of said road across said lands; that the value of the lands so used, and the damage so caused, amounted to one thousand dollars, and more; that it was the duty of said administrator to sue said company for said amount, but that he failed to do so and permitted the cause of action to prescribe, and that by his faults, neglects and laches, in permitting said right-of action to prescribe, the administrator has damaged said succession in the sum of one thousand dollars, and has made himself liable therefor, and that his account should be amended so as to charge him with said sum of one thousand dollars.
Second — That said deceased owed less than six thousand dollars at the time of his death, and tlijat his succession could have been speedily wound up at little cost, but that said administrator, without reason, and to the detriment of the manifest interests of said succession, and inspired by the desire to deprive this opponent of her rights, has protracted said administration over the period of seven years (about), and has charged said succession with unnecessary costs and taxes on non-revenue producing property till an amply solvent succession now bids fair to be wholly consumed; that the costs of administration, as shown by the various accounts of said administrator (exclusive of administrator’s commissions and attorney’s fees), aggregate one thousand, six hundred and thirty-eight and 69-100 dollars, and the *1541 taxes paid aggregate one thousand, five hundred and eighteen and J2-100 dollars; that at least one-half of said costs and taxes could have been saved to said succession by a reasonably prompt and diligent administration, and that by the fault of said administrator said succession has lost said sum, say one thousand, five hundred and seventy-eight and JO-lOO dollars, and has been damaged to that extent, and that said administrator is liable therefor, and his account should be amended so as to charge him with said amount.
Third — Opponent further represents that said administrator has failed to charge himself in said account with rent of the Stille residence while occupied by him, which rental, during said occupancy, is well worth one hundred dollars; and that said account should be corrercted and amended by charging said administrator with said amount.
Fourth — Opponent further represents that the amount allowed to Dan Vandegaer for platting and preparing description of the lands of said succession and community is excessive, and should be reduced from fifty dollars to twenty-five dollars.
Fifth — Opponent further represents that said administrator has lately provoked a judicial sale of certain lands of said succession and community for the alleged purpose of paying debts; but that there were at the time no debts due by said succession (and if any, not of such a nature as to permit a sale by administrator to pay them); that minors were interested in said lands, and that the same could not be sold (if at all) for less than their full appraisement; that the appraised value of said lands was three thousand, one hundred and twenty-five dollars, but said lands were sold for two thousand and eighty dollars; and that said account should be corrected and amended so as to charge said administrator with the difference between the appraisement and .the price, that is to say, with the additional sum of one thousand and forty dollars.
Sixth — That administrator’s last account allows to the creditors of said succession .interest on their claims and aggregating two thousand and eighty-seven 25-100 dollars, but that in none of the five previous accounts, filed, had interest been allowed to be claimed by any of said creditors, and that in the account of 1899 a balance was struck in favor of said creditors, said aggregate balance being seven hundred and ninety-nine and 26-100 dollars, with no interest allowed on same; that said accounts had never been opposed by said creditors, or any of them, *1542 and had been homologated by judgment of court; that said judgments homologating said accounts are final and res adjudicata as to them and said administrator, and that said creditors can not now be allowed interest, and opponent specially pleads res adjudicata against said interest on their claims; and that said account should be amended so as to strike therefrom said interest, two thousand and eighty-seven 25-100 dollars. But respondent alleges in the alternative, if the court should be of the contrary opinion, that the accumulation of said interest is the result of the fault, negligence and neglect of said aidministrator in failing to promptly administer and close said succession, and that said succession has been damaged by such neglect and faults in the amount of said interest, and that the amount should be corrected and amended so as to charge said administrator with the amount of said interest, namely, two thousand and eighty-seven and 25-100 dollars, together with such further interest as may have accumulated, if any, since the filing of said account or may hereafter accumulate.
Opponent again alleges, in the alternative, in any event, if both above demands are denied by the court, that the notes of J. D. Stille, E. O. Stille and W. D. Stille, if they represent any valid indebtedness, were given for clerk hire, and bore a privilege against said succession, and bore eight per cent, interest and should have been immediately paid out, and that failing to so pay them the administrator can not charge the succession with interest on same, said administrator should be charged with an equivalent amount to reimburse the succession for the interest so paid out through his fault, and that said account should be amended accordingly.”
The prayer of opponent was that the administrator be put upon strict proof of the correctness of his account, and that said account be amended as set forth herein, in items one to six inclusive, for all necessary orders, costs, and general relief.
The district judge adjudged and decreed that the account and tableau of distribution, filed on the 8th day of May, 1899, be amended by charging the administrator with twenty dollars for the price of the land taken by the K. C. Ry. Co. and fifty dollars for rent of the Stille residence, and that, to this extent, the opposition of Mrs. Johnson be sustained; and that in all other respects it be overruled, and said account, as amended, be homologated and made the judgment of the court, *1543 and the administrator authorized to pay the funds as proposed on said tableau, the costs to be paid by the succession.
Opponent appealed.
Appellee prayed in the Supreme Court that the judgment be amended by totally disallowing and rejecting the demand of opponent for damages on account of railroad right of way, on which demand the lower court allowed twenty dollars as a debt against mover.
He prayed that in other respects the judgment of the lower court be affirmed.
Opinion.
This matter is before us on appeal, taken by the widow in community of J. D. Stille, from the judgment of the District Oourt, upon her opposition to the provisional account last filed by J. D. Stille, Jr., as administrator of the succession of his father.
Appellant’s .counsel, in his brief, abandons the fourth and fifth grounds of opposition.
The issues, therefore, are those raised by the first, second and sixth special grounds of opposition andl the general opposition. The account is not a final but a provisional account of administration; the last of five of the kind filed, of his own motion, by the administrator. Its only object is to acknowledge the receipt by him of certain specified sums of money; to obtain the approval of the expenditure by him ex parte and without the court’s order of a number of claims declared to be privileged claims due by the succession, and the distribution of the balance now in his hands, among certain named parties as being creditors of the succession for stated amounts.
The widow in community has dealt with the account as a final one, and has sought to litigate the whole past administration of the succession. It is not an account calling- presently for the raising- and decision of such broad issues; the appropriate time for so doing is upon the final account. 9 Robinson, 61; 12 Robinson, 217; Succession of Day, 2 Ann., 268; 12 Ann., 268.
There are, however, certain issues which may as well be disposed of between the parties now, as later. We think the first special ground of opposition, through which the appellant seeks to charge the administrator with one thousand dollars for not having sued the Kansas City, Shreveport and Gulf Railway Company for the value of the right of *1544 way taken by it over a portion of the lands of the succession, and for damages sustained therefrom, was properly decided.
The administrator testifies that all parties in interest had come to an understanding that no charge was to made for the same; no expropriation proceedings were brought for the land, which is of little value, and so far from being damaged by the building of the road, we think it has been shown that the property has enhanced in value by its construction. • Appellants’ counsel, in their brief, claim now only fifty dollars upon this particular score. There is nothing to show that a claim brought now against the company would be met by a plea of prescription, and there is every reason to believe, from the amount which would be involved, and the probable outcome of such a suit, with attorney’s fees and other incidental expenses taken into consideration, that litigation on the subject would be neither profitable nor desirable.
The second ground of opposition set up by the widow, as to the injuries resulting from the prolonged administration of the succession, is not one to be properly urged by the opponent.
She was on the spot, with the right to demand, at any time, a speedy settlement or partition of the succession. She evidently did not think, at the time, that it was her interest that this should be done, but acquiesced in the course adopted by the administrator as one calculated to lead up to the best final results. She can not speculate upon the ultimate result, and we are by no means prepared to say that it was in fact injudicious.
That matter remains yet to be seen and tested. In so far as the costs and charges incurred in the presentation of the various accounts, and in the progress of -the settlement of the succession were concerned, she stood by and saw the various accounts, in which they were exhibited, homologated without opposition, and payment thereof made: prima facie they must be taken as well grounded.
The adminstrator of the succession testifies, without contradiction, that the attorneys of the opponent urged him not to hastily close the administration, but to leave matters open. We do not think this ground of opposition well taken.
The sixth ground of opposition is the most important one in the case. J. D. Stiile died in 1893, and his son, J. D. Stiile, Jr., was appointed administrator. On the 5th of March, 1894, he filed his first provis *1545 ional account of administration, in which he charges himself with having received the sum of three thousand, two hundred and twenty-eight dollars and thirteen cents ($3,228.13-100), and credits himself as having paid out therefrom, prior to the filing of the account, to different persons, seven hundred and seventeen dollars and twenty-five cents ($717.25), leaving a cash balance in his hands of two thousand, five hundred and ten dollars and sixty-eight cents ($2,510.68-100).
This balance the administrator proposed to distribute, first, to the amount of five hundred and ninety-five dollars and fifty-nine cents ($595.59-100) to certain named privileged creditors, and the remainder or nineteen hundred and fifteen dollars and twenty-nine cents ($1,915.29-100) pro rata among the creditors of the succession named in the account itself, assigning to each creditor a dividend of thirty per cent, upon the amount stated in the account as that due to each. As the same course was followed by the administrator in the subsequent accounts filed by him, matters will be explained by selecting several of these creditors as they therein appear on the first account and following them in the later accounts.
In the account of 1894, for instance, we find the following:
Stauffer, Eshleman & Co., 30 per cent, dividend on $203.84. .$ 61 15
Bucldew & Pleasants, 30 per cent dividend on $5.78........ 1 73
Lewis Baillie & Co., 30 per cent, dividend on $108.99........ 32 69
W. D. Stille (a son), 30 per cent, dividend on $508.06........153 40
E. O. Stille (a son), 30 per cent, dividend on $1,027.78......308 33
J. B. Stille (a son), 30 per cent, dividend on $2,138.68........641.55
Account of 1895.
To Stauffer, Eshleman & Co., 10 per cent, dividend on $142.69.$14 26
To Bucldew & Pleasants, 10 per cent, dividend on $4.05........ 40
To Lewis Baillie & Co. Ltd., 10 per cent, dividend on $76.30. .. 7 63
To W. D. Stille, 10 per cent, dividend on $355.66............ 35 56
E. O. Stille, 10 per cent, dividend on $719.45................. 71 94
J. D. Stille, 10 per cent, dividend on $1,496.98..............149 69
Account of 1896 — 20 Per Cent. Dividend.
(Upon amount declared to be in his hands).
To Stauffer, Eshleman & Co., on $128.43....................$25 68
To Bucldew & Pleasants, on $3.65........................ 73
*1546 To Lewis Baillie & do., Ltd., on $68.67.................... 13 73
To W.' D. Stille, on $320.10..............................' 64 02
To E. O. Stille, on $647.51................................129 50
To J. D. Stille, on $1,347.29..............................269 44
Account of 1897 — 73 Per Cent. Dividend.
(Upon amount declared to be in liis hands).
To Stauffer, Eshleman & Co., on $102.75..................$75 00
To Bucklew & Pleasants, on $2.92........................ 2 13
To Lewis Baillie & Co., Ltd., on $54.94.................... 40 10
To W. D. Stille, on $256.08..............................186 93
To E. O. Stille, on $518.01.................................378 14
To J. D. Stille, on $1,077.85.............'................786 83
At the foot of the account the total amount of claims on which this dividend of seventy-three per cent, is to be paid out is added and foots up at $2,959.47, and the total amounts of dividends to be paid at $2,160.11, and just below are the words:
“Leaving now, due said creditors, $779.36.”
But while this amount of $779.36 is stated to be the balance due to creditors, we find in the provisional account of 1899 (that now before the court) the following:
Account of 1899 — Propiosed Distribution.
To Stauffer, Eshleman & Co., balance principal and interest on their debt .............................................$63 50
To Bucldew & Pleasants, balance principal and interest on their debt ............................................. 1 85
To Lewis Baillie & Go., Ltd., balance principal and interest on their debt ................................i.......... 34 88
To W. D. Stille, balance principal and interest on debt......266 12
To E. O. Stille, balance principal and interest on debt........475 96
To J. D. Stille, balance principal and interest on debt......1,284 36
A scrutiny of these different accounts (the first four of which were homologated after presentation) will show that the dividends, each successive year, were based upon the amounts which had figured the year before as those upon which dividends had been paid, less the *1547 amounts paid out that year for dividends, and the the original amounts which figured in the account of the year 1894 as those upon which the dividends of that year were to be drawn, were apparently the whole amounts then due to each creditor on his claim; so that the different accounts would indicate a constant decreasing of the capital of the debts, no mention being made or notice taken of interest as accruing upon the same. It is only upon the account of 1899 that interest is made to appear, and the different debts which, by the account of 1897, were shown to be greatly reduced, were suddenly increased; that of J. D. Stille, for instance, on which he is stated to have drawn a dividend of seventy-three per cent, on one thousand and seventy-seven dollars and eighty-five cents ($1,077.85-100), appears, in 1899, as a debt of twelve hundred and eighty-four dollars and thirty-eight cents ($1,284.38-100).
This result was evidently reached by allowing interest to the different creditors from 1894 on the capital of their respective debts as they stood in that year down to 1899, and then deducting from the original capital plus the whole accrued interest thereon, the total amount received by each creditor- — by way of dividends — in other words, the succession was not given the benefit of the partial payments made from time to time upon their claims, thus reducing capital and interest.
We think this exhibit of the debts as presently due by the succession and upon which the administrator proposes to make payments is clearly wrong, and that the District Court, in authorizing payments to be made on that basis, erred. We.need not now consider whether the creditors are cut off by the accounts heretofore homologated from claiming interest at all upon their respective claims; it is enough for us to say, at this timle, that if they be entitled to interest, it is upon the amounts due them respectively by the application to their respective claims of the rule of partial payments. With respect to the general opposition filed by appellant to the administrator’s account, we think the administrator, in view of the opposition made, should have established the validity and the amounts of the claims alleged to have been paid out by him, by evidence stronger than a general statement by him on the stand, as a witness, that his account was correct. That was a mere conclusion of the witness.
For the reasons herein assigned, lit is ordered, adjudged and decreed that the judgment of the District Court, appealed from heir in so *1548 far as it approves and homologates the provisional account filed by the administrator, touching the amounts claimed to have been paid out by him to creditors of the succession, since his last account, be and the same is hereby annulled, avoided and reversed, and the administrator •held to proof of the correctness and amount of the claims so alleged to have been paid, and to proof of payment, and that the judgment be also annulled, avoided and reversed in so far as it approves and homologates the provisional account of the administrator touching the proposed distribution of the succession funds shown by the account to be in his hands, to the parties therein declared to be creditors of the succession for the amounts therein stated, and that the rights and obligations of the parties in interest touching the existence and amounts of their respective claims, and all issues raised by the sixth special ground of the opxJosition filed by the widow in community, appellant herein, be left open for future examination and decision.
It is further ordered, adjudged and decreed, that the judgment of the District Court, to the extent that it is not hereby annulled and amended, be and the same is affirmed, costs of appeal to be borne by the the succession of J. D. Stille.